## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DANA L. CASELLI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 1:11-CV-02418-RWS |
| | ) | |
| PHH MORTGAGE CORPORATION | ) | |
| d/b/a COLDWELL BANKER | ) | |
| MORTGAGE, a/k/a PHH MORTGAGE | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER FIRST AND SECOND MOTIONS FOR PRELIMINARY INJUNCTIONS

COMES NOW Plaintiff, Dana L. Caselli ("Plaintiff"), by and through her undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 65, Local Rule 7.1A and Local Rule 7.2C files her Memorandum in Support of Her First and Second Motions for Preliminary Injunctions.

## INTRODUCTION

Plaintiff's First Motion for Preliminary Injunction seeks an injunction from this Court directing Defendant to preserve the status quo by prohibiting it from

transferring Plaintiff's property, including but not limited to prohibiting such action as conducting a future foreclosure sale of the property ("First Motion"). Plaintiff's First Motion was filed in the body of her Complaint and Amended Complaint and appears at ECF Doc. 2.

Plaintiff's Second Motion for Preliminary Injunction seeks a preliminary injunction directing Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage, a/k/a PHH Mortgage Services ("Defendant") to cease and desist from incorrectly and adversely reporting the status of the Plaintiff's loan held by Defendant to consumer credit reporting bureaus ("Second Motion").

Plaintiff requests that this Court grant the preliminary injunctions requested herein to apply for the duration of the litigation.

## PROCEDURAL POSTURE

Plaintiff filed a Complaint to Establish Title to Land for Breach of Contract, Promissory Estoppel, Fraud, and for Temporary Restraining Order and Interlocutory Injunction in the Cobb County Superior Court on April 15, 2010 ("Complaint"). Plaintiff executed a Verification of the Complaint which is attached thereto.

At a *Rule Nisi* hearing held on May 2, 2011, Cobb County Superior Court Judge G. Conley Ingram issued a Temporary Restraining Order ("TRO") from the

bench prohibiting the Defendant from conducting foreclosure activity regarding Plaintiff's real property located at 1306 Wynnes Ridge Circle, Marietta, Cobb County, Georgia   30067 ("Property").   The TRO necessitated Defendant's cancelling a May 3, 2011 foreclosure sale of the Property.   The TRO was memorialized in an Order filed on May 4, 2011, attached hereto as **Exhibit "A"** and incorporated herein by reference.

By Consent Order filed May 18, 2011, counsel for each party and the presiding Judge mutually agreed to stay certain litigation deadlines for a period of sixty (60) days to allow the parties to pursue settlement discussions.   Settlement discussions failed to result in a mutually agreeable resolution.

Plaintiff filed her First Amended Complaint to Establish Title to Land for Breach of Contract, Promissory Estoppel, Wrongful Foreclosure, Violations of the Georgia Fair Business Practices Act, Violations of the Fair Credit Reporting Act, Fraud, and For Temporary Restraining Order and Interlocutory Injunction on July 22, 2011 at 10:32 AM[1] ("Amended Complaint").   Plaintiff executed a Verification of the Amended Complaint which is attached thereto.

In her Amended Complaint, Plaintiff raises nine causes of actions against Defendant, namely *quia timet* (proceeding to remove cloud upon title), breach of

---

[1] While the Amended Complaint was filed on the same day as Defendant's Notice of Removal, the Amended Complaint was filed prior to Defendant's filing of the Notice of Removal.

contract, promissory estoppel, wrongful foreclosure, violations of the Georgia Fair Business Practices Act, Violations of the Fair Credit Reporting Act, fraud, and claims for attorney's fees and punitive damages.  In addition to these causes of action, the Amended Complaint includes Plaintiff's Request for a Temporary Restraining Order (which was granted as set forth above) and Plaintiff's request for an "Interlocutory Injunction," which Plaintiff refers to as her First Motion (appearing at ECF Doc. 2).

Defendant filed a Notice of Removal in this matter on July 22, 2011, which was entered onto the docket by the Clerk on July 25, 2011, thereby generating an ECF Email notification to Plaintiff's counsel on that date.[2]

Plaintiff has filed her Second Motion for Preliminary Injunctive Relief simultaneously herewith.

## **FACTS**

On or about July 29, 2005, Plaintiff executed a Promissory Note and Deed to Secure Debt in favor of Coldwell Banker Mortgage.  (Am. Compl. ¶ 7)   The Deed to Secure Debt was recorded on August 25, 2005 in Deed Book 14209, Page 64 in the Cobb County Superior Court.  (Am. Compl. ¶ 7)

---

[2] Plaintiff's Counsel received an automatic email from the CM/ECF system notifying him of the Notice of Removal on July 25, 2011 at 2:27 PM.

On March 16, 2009, Plaintiff lost her job, which substantially altered her financial position.   (Am. Compl. ¶ 8)   As a result, Plaintiff applied for a loan modification to Defendant in April of 2009.   (Am. Compl. ¶ 8)

Defendant offered Plaintiff a Home Affordable Modification Trial Period Plan ("Trial Plan") effective as of September 1, 2009.  (Am. Compl. ¶ 9) Plaintiff completed the necessary Trial Plan documentation on or about August 17, 2009 and transmitted same along with first payment to Defendant PHH.    (Am. Compl. ¶ 10)   Plaintiff made her scheduled Trial Plan payments throughout the term set forth in the Trial Plan contract and received written confirmation that she had entered the Trial Plan on March 8, 2010 (after she completed the Trial Plan) (Am. Compl. ¶ 11-12)

On November 17, 2009, Plaintiff received notification from Defendant PHH indicating that she was eligible for a Home Affordable Modification ("Modification") so long as she completed the Trial Plan.  (Am. Compl. ¶ 13)  By its terms, the Modification amended certain terms of the Deed to Secure Debt, but where not specifically amended, the terms of the Deed to Secure Debt remain in place.    (Am. Compl. ¶ 13)   A copy of the Modification is attached to the Complaint as Exhibit "E" and incorporated herein by reference.

Plaintiff executed the Modification before a notary at a local Bank of America branch and transmitted two copies of the Modification to PHH for delivery on November 30, 2009.  (Am. Compl. ¶ 14)  An affidavit from Plaintiff stating that signed copies of this document were transmitted in this UPS package, is attached to Plaintiff's original Complaint as Exhibit "F," and also incorporated herein by reference.

Plaintiff properly paid all required Trial Plan and Modification payments to Defendant from the date her Trial Plan commenced through the December 2010 payment under the Modification.   (Am. Compl. ¶ 15).  Plaintiff included proof of such payments attached to Plaintiff's original Complaint as Exhibit "G," also incorporated herein by reference.

Plaintiff contacted Defendant in February 2010 to inquire as to why she had yet to receive a fully-executed copy of her Modification.  (Am. Compl. ¶ 17)  Defendant's representative instructed Plaintiff that the process customarily took a long time, frequently 60 to 90 days, if not longer.  (Am. Compl. ¶ 17)

Plaintiff contacted Defendant again in June 2010 to inquire as to why she had yet to receive a fully-executed copy of her Modification (Am. Compl. ¶ 18).  Defendant's representative indicated that they had no additional information

regarding the Modification and advised Plaintiff to "check back" in two weeks. (Am. Compl. ¶ 18)

Throughout the months of October and November 2010, Plaintiff continued to make telephone calls in an attempt to reach someone to learn why she had not received her copy of the signed Modification and to confirm that no problems had arisen with her Modification. (Am. Compl. ¶ 18) These calls frequently lasted for prolonged periods of time, often in excess of an hour, but never resulted in her speaking with a representative who could address her concerns. (Am. Compl. ¶ 18)

Plaintiff paid and Defendant accepted all of Plaintiff's payments from her entry into the Temporary Plan effective September 2009 through her November 2010 Modification payment. (See Am. Compl. ¶¶9-22). Despite Plaintiff's numerous timely inquiries, Defendant never advised her of any problems or concerns pertaining to the Modification, nor did Defendant indicate that the Modification was not accepted by Defendant or deemed to be invalid. (See generally Am. Compl.)

In mid-November 2010, Plaintiff received a Notice of Intention to Foreclose from Defendant PHH. (Am. Compl. ¶ 22) Plaintiff immediately called Defendant's Loss Mitigation department in response. (Am. Compl. ¶ 22) During

this telephone call, Defendant's representative with whom Plaintiff spoke advised her to "disregard the notice," and told her that he was escalating her case and someone would get in touch within the next 10-14 days.  (Am. Compl. ¶ 22)

By letter dated November 30, 2010, attached as Exhibit "H" to Plaintiff's Complaint and incorporated herein by reference, Defendant advised Plaintiff that her scheduled December 2010 payment dated November 22, 2010, was being returned because "insufficient amount to clear default" [sic], and incorrectly advised her that her loan was due for the September 1, 2009 payment (predating the Temporary Plan and Modification).  (Am. Compl. ¶ 23)

Upon receipt of the above referenced letter in December of 2010, Plaintiff promptly called Defendant PHH to determine the status of the loan.  (Am. Compl. ¶ 23)  Defendant PHH's representative told Plaintiff to disregard the November 30, 2010 letter as her "account was under review," marking the second such occasion that Defendant advised Plaintiff to disregard its notifications to Plaintiff regarding the Modification and alleged default of the loan.  (Am. Compl. ¶¶ 24-25)

On December 20, 2010, Plaintiff again contacted Defendant PHH and was told by the representative with whom she spoke that Defendant PHH just had to reprint the Modification documents with new dates, and that the representative would escalate her matter to the closing department.      (Am. Compl. ¶26)

Defendant's representative told Plaintiff during this telephone call that Plaintiff *should look for her reprinted documents in seven days*. (Am. Compl. ¶26) Plaintiff called Defendant on December 23, 2010, and was again told her matter would be escalated. (Am. Compl. ¶27)

Beginning in February of 2011, Plaintiff began receiving collection calls from third party collection agencies regarding her account. (Am. Compl. ¶28)

The matter was ultimately referred to McCalla Raymer, LLC, ("MR") Defendant's legal counsel, for foreclosure, despite the fact that Plaintiff had made timely payments pursuant to the Modification. (Am. Compl. ¶34)

On March 25, 2011, Plaintiff hand-delivered to MR (and Prommis Solutions, LLC,[3]) copies of all of her documentation in order to demonstrate the issues referenced above and to have the property removed from its scheduled sale on May 3, 2011. Neither MR nor Prommis Solutions, LLC responded to Plaintiff's in-person request. (Am. Compl. ¶35)

By correspondence dated April 8, 2011 and April 11, 2011, Plaintiff's counsel set forth Plaintiff's concerns to MR and PS and requested a postponement

---

[3] When Plaintiff contacted MR, she was referred to Prommis Solutions, LLC. Pursuant to the World Wide Webpage of Prommis Solutions, LLC, this company describes itself as: "[a] leading national provider of processing services to the real estate finance industry. Prommis provides technology-enabled services that support many aspects of the real estate lifecycle, including full escrow settlements; title research, insurance, and curative work; as well as components of foreclosure, bankruptcy and loss mitigation processing." See: http://www.prommis.com/ (accessed August 3, 2011).

of the May 3, 2011 foreclosure date.  (Am. Compl. ¶36)    Defendant, acting through its counsel, chose not to postpone the foreclosure sale. (Am. Compl. ¶36)

Accordingly, Plaintiff commenced litigation by filing her Complaint on April 15, 2011.  (Am. Compl. ¶37).  Subsequently, Judge Ingram issued a TRO from the bench on May 2, 2011 and filed May 4, 2011.  (Am. Compl. ¶38; Exhibit "A")).

Furthermore, Judge Ingram's May 4, 2011 Order required Plaintiff to tender to the Clerk of Court the amount required to become current on her loan with Defendant PHH Mortgage Corporation pursuant to the terms of the Modification (Exhibit "A").  Plaintiff complied with this request and has made all additional payments in accordance with the Modification through August 2011 to the Cobb County Superior Court Clerk  (Plaintiff sent the August payment to such court prior to Defendant removing this action).

Despite Plaintiff making proper payments of all amounts due Defendant pursuant to the Temporary Plan and Modification from September 2009 through August 2011, Defendant continues to improperly and adversely report Plaintiff's account as seriously delinquent to credit reporting bureaus.  Plaintiff has been harmed by Defendant's improper reporting as her credit rating has been damaged and banks have retracted credit extended to her.  (Am. Compl. ¶80)

## ARGUMENT AND CITATION OF AUTHORITY

### A. The Standard for Granting a Preliminary Injunction.

"A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) *citing* All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir.1989)

"A court may enjoin a nonjudicial foreclosure sale in a wrongful foreclosure action where the authority to foreclose is in question." Morgan v. Ocwen Loan Servicing, LLC ___F.Supp.2d, (N.D.Ga. 2011). *See* Atlanta Dwellings, Inc. v. Wright, 527 S.E.2d 854, 856 (Ga.2000); West v. Koufman, 384 S.E.2d 664, 666 (Ga.1989); Cotton v. First Nat'l Bank of Gwinnett Co., 220 S.E.2d 132 (Ga.1975).

A district court's grant of injunctive relief shall be reversed on appeal only if the issuance of the injunction constituted an abuse of discretion. Doran v. Salem Inn, Inc., 422 U.S. 922, 933 (1975) *citing* Brown v. Chote, 411 U.S. 452, (1973).

As shall be discussed below, Plaintiff meets all grounds required for issuance of the injunctions requested in her First and Second Motions. Furthermore, Plaintiff is entitled to an injunction preventing a future nonjudicial foreclosure sale because the very authority of Defendant to foreclose upon the Property is in question.   Accordingly, this Court is empowered to grant the injunctions requested herein.

**B. Plaintiff Demonstrates a Likelihood of Success on the Merits As Defendant Breached its Contract with Plaintiff and Defendant Commenced a Wrongful Foreclosure Against Plaintiff.**

**1.  The Modification is a Contract Between Plaintiff and Defendant.**

To constitute a valid contract in Georgia, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate. O.C.G.A. § 13-3-1.   In our case, Plaintiff and Defendant entered into the Modification, thereby becoming parties to a binding contract pertaining to real estate and the loan documents, a subject matter upon which the contract can operate.

The Modification included valid consideration.  Specifically, Plaintiff agreed to make mutually acceptable monetary payments to Defendant in exchange for Defendant not exercising its rights to foreclose upon the Property.  Forbearance from proceeding with a foreclosure is sufficient consideration supporting the Modification.  *See* Gibson Const. Co. v.  GAA Acquisitions I, LLC, 307 Ga.App. 698, 700 (Feb. 2, 2011) *citing* Graphic Prep v. Graphcom, 206 Ga.App. 689, 691–692(3), (1992).

Furthermore, the parties assented to the terms of the Modification. Defendant offered Plaintiff the Modification by virtue of its sending it to Plaintiff. Plaintiff accepted its terms by mailing an executed Modification to Defendant.  For over a year, Defendant acted in conformance with the Modification by accepting payments from Plaintiff without objections regarding the Modification, thereby waiving any written provisions in the Modification to the contrary.  See AAF-McQuay, Inc. v. Wills, 308 Ga. App. 203, 217 (March 4, 2011).

## 2.  Defendant's Actions Constitute Breach of Contract.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about

the contract being broken." <u>Duke Galish, LLC v. Manton</u>, 308 Ga.App. 316 (March 9, 2011).

In our case, Defendant has breached the Modification, a binding contract between the Parties. Plaintiff has been harmed by the loss of significant time spent in resolving this matter, the emotional distress resulting from this matter, and the costs involved resulting from court costs and legal fees.

### 3. Defendant's Actions Constitute Wrongful Foreclosure.

Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. <u>Nicholson v. OneWest Bank</u>, 2010 WL 2732325 (N.D.Ga 2010) All <u>Fleet Refinishing, Inc. v. West Georgia Nat. Bank</u>, 634 S.E.2d 802, 807, 280 Ga.App. 676, 681 (2006); <u>Heritage Creek Dev. Corp. v. Colonial Bank</u>, 601 S.E.2d 842, 844, 268 Ga.App. 369, 371 (2004) (<i>citing</i> <u>Calhoun First Nat. Bank v. Dickens</u>, 443 S.E.2d 837, 264 Ga. 285, 286 (1994))

In our case, Defendant owed Plaintiff a contractual duty in accordance with the Modification and other loan documents. Defendant also owed Plaintiff a statutory duty to fairly exercise the power of sale. O.C.G.A. § 23-2-114. Because

Defendant commenced foreclosure proceedings while Plaintiff was properly complying with the Modification, Defendant breached its contractual duty and statutory duty to Plaintiff.

There is a casual connection between the breach of Defendant's duty and the harm that Plaintiff sustained.  Specifically, Plaintiff has been harmed by the loss of significant time spent in resolving this matter, the emotional distress resulting from this matter, and the costs involved resulting from court costs and legal fees. Plaintiff is therefore entitled to damages resulting from the harm.

Furthermore, courts have recognized a cause of action for wrongful *attempted* foreclosure when a foreclosure action was commenced, but not completed, where plaintiffs have shown that a defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result." See Morgan,  2011 WL 2650194; Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 130 S.E.2d 518, 520 (Ga.Ct.App.1963).

## C. Plaintiff Will Suffer Irreparable Injury Unless the Injunctions Issue.

Plaintiff will suffer irreparable injury unless this Court issues the injunctions requested by Plaintiff.   "An injury is irreparable if it cannot be undone through

monetary remedies or "if damages would be difficult or impossible to calculate. <u>Scott v. Roberts</u>, 612 F.3d 1279, 1295 (11th Cir. 2010).

Plaintiff will suffer irreparable injury if this Court does not grant her First Motion, namely granting an injunction preventing Defendant from transferring the property and/or conducting a future foreclosure sale.  Should this Court not grant Plaintiff's request for an injunction, Plaintiff could stand to lose her home through a foreclosure sale.  Plaintiff values her home as her personal residence and it is important to her beyond any financial calculation.[4]   Accordingly, Plaintiff stands to be irreparably injured in a manner that could not be rectified by monetary damages if she were to lose her home through foreclosure.

Furthermore, Plaintiff will suffer irreparable injury should this court not grant Plaintiff's Second Motion, specifically granting an injunction directing Defendant to cease and desist from incorrectly and adversely reporting the status of Plaintiff's loan held by Defendant to consumer credit reporting bureaus.  Should

---

[4] The property at issue in this case is Plaintiff's personal residence and is not investment property.  Plaintiff has an emotional connection to her home which should be considered when factoring the potential harm.  See also:  *"The Scars of Losing a Home,"* by Yale University Professor Robert Shiller, published in the *New York Times* on May 18, 2008: http://www.nytimes.com/2008/05/18/business/18view.html (accessed August 4, 2011)

this Court not grant Plaintiff's Second Motion, Defendant will likely continue such negative and adverse reporting to the credit bureaus.[5]

Should this Court not grant Plaintiff's Second Motion, she would incur damages that are difficult or impossible to calculate.  This is due to the fact that Plaintiff's credit rating will continue to deteriorate, making it more difficult to obtain credit and causing Plaintiff to incur higher interest rates on all sorts of loans for such time as the negative reporting remains on the credit reports.  Accordingly, the damages are difficult, if not impossible, to quantify.

### D. The Threatened Injury to the Movant Outweighs Whatever Damage the Proposed Injunctions May Cause to Defendant.

The purpose of a *preliminary* injunction is "to preserve the status quo and prevent allegedly irreparable injury until the court [has[ the opportunity to decide whether to issue a *permanent* injunction."   Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1261, 1262 (11th Cir. 2005) (*emphasis added*).

---

[5] Plaintiff has diligently sought to prevent Defendant from incorrectly reporting Plaintiff's loan status in a negative and adverse manner.  Pursuant to the attached June 16, 2011 Emails by and between Plaintiff's counsel and Defendant's counsel, it appears that Defendant agreed to rectify the issue.  See Emails attached hereto as **Exhibit "B"** and incorporated herein by reference.  However, Defendant continues the negative reporting as of the filing of this Memorandum.

Granting the preliminary injunctions sought herein will impose, at most, minimal harm to the Defendant. Furthermore, Defendant may benefit from the granting of Plaintiff's First Motion. This is due to the fact that Defendant stands to receive Plaintiff's Modification payments that will be paid in accordance therewith. Therefore, granting of Plaintiff's First Motion would essentially require Defendant to accept Plaintiff's Modification payments while preventing it from paying the foreclosure costs and home preservation costs associated when the property becomes an "REO" or bank-owned property.[6]

The granting of Plaintiff's Second Motion will also impose, at most, minimal harm to Defendant. Plaintiff merely needs to notify the credit reporting bureaus of the incorrect reporting in order to resolve the matter. On the contrary, Plaintiff stands irreparable harm and immeasurable damages should the bank continue to be allowed to incorrectly report the status of Plaintiff's loan account in a negative and adverse manner.

---

[6] Given the fact that PHH Corporation posted a $41 million loss in the second quarter of 2011, saving money would be conceivably highly beneficial (and certainly not harmful) for the company. See:  http://tinyurl.com/3vn3glk  (accessed August 4, 2011)

**E.  If Issued, the Injunctions Would Not be Adverse to the Public Interest.**

Granting the Injunctions in this matter would not be adverse to the public interest.  On the contrary, it is in the public interest for mortgage lenders to be bound by the Modifications they offer to homeowners and for homeowners to keep their homes by complying with the Modifications.

## CONCLUSION

Plaintiff respectfully requests that this Court grant her request for two preliminary injunctions as set forth in her First Motion and Second Motion, namely:  (1) an injunction from this Court directing Defendant to preserve the status quo by prohibiting it from transferring Plaintiff's property and conducting a future foreclosure sale; and (2) an injunction directing Defendant to cease and desist from incorrectly and adversely reporting the status of the Plaintiff's loan held by Defendant to consumer credit reporting bureaus.  Plaintiff requests that this Court grant the preliminary injunctions requested herein to apply for the duration of the litigation.

As set forth herein, Plaintiff shows this Court that she has met the necessary requirements required to empower this Court to issue the preliminary injunctions.  Specifically, Plaintiff has shown the existence of a (1) substantial likelihood of

success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendant; and (4) if issued, the injunction would not be adverse to the public interest.

Furthermore, this Court is empowered to issue a preliminary injunction in a wrongful foreclosure action where the authority to foreclose is in question.

Respectfully submitted this 4th day of August, 2011.

/s/ Brian M. Annino
Brian M. Annino, Esq.
Georgia Bar No. 841250
Annino Law Firm, LLC
707 Whitlock Ave, Suite H13
Marietta, GA 30064
Tel. (404) 934-5978
Fax (404) 631-6289

Attorney for the Plaintiff

## <u>CERTIFICATION OF TYPE SIZE AND STYLE</u>

This Motion and accompanying Memorandum submitted by Plaintiff are printed in 14-point Times New Roman font, in compliance with LR 5.1C, NDGa.

/s/ Brian M. Annino
Brian M. Annino, Esq.
Georgia Bar No. 841250
Annino Law Firm, LLC
707 Whitlock Ave, Suite H13
Marietta, GA 30064
Tel. (404) 934-5978
Fax (404) 631-6289

Attorney for the Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing *Plaintiff's Second Motion for Preliminary Injunction* with the Clerk of Court using the CM/ECF system, which automatically sent e-mail notification of such filing to the following attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system:

Steven J. Flynn, Esq.
J. Thomas Howell, Esq.
McCalla Raymer, LLC
Six Concourse Parkway, Suite 2800
Atlanta, GA  30328

Attorneys for the Defendant

      This, the 4th day of August, 2011.

                            /s/ Brian M. Annino
                            Brian M. Annino, Esq.
                            Georgia Bar No. 841250
                            Annino Law Firm, LLC
                            707 Whitlock Ave, Suite H13
                            Marietta, GA 30064
                            Tel. (404) 934-5978
                            Fax (404) 631-6289

                            Attorney for the Plaintiff

EXHIBIT "A"

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

DANA L. CASELLI               )
                              )
        Plaintiff,            )
                              )         CIVIL ACTION NO.: 11-1-3631-33
                              )
v.                            )
                              )
PHH MORTGAGE CORPORATION,     )
d/b/a COLDWELL BANKER         )
MORTGAGE, a/k/a PHH MORTGAGE  )
SERVICES, BANK OF AMERICA     )
CORPORATION d/b/a BANK OF     )
AMERICA, N.A., PROMMIS        )
SOLUTIONS, LLC, and           )
McCALLA RAYMER, LLC           )
                              )
        Defendants.           )

## ORDER

A *Rule Nisi* hearing in this matter was held before this Court on May 2, 2011 ("Hearing"). At the Hearing, Plaintiff's requests for a Temporary Restraining Order and/or Interlocutory Injunction to postpone a May 3, 2011 foreclosure sale were considered. Also, Defendant Bank of America, Corporation and Defendant Prommis Solutions, LLC asserted requests to be dismissed from this matter. Further, Defendant PHH Mortgage Corporation and Defendant McCalla Raymer, LLC raised concerns relating to venue and Plaintiff's *quia timet* cause of action.

Having considered the evidence and arguments presented by all parties at the Hearing, and it appearing to the Court that a proper case has been made out for a temporary restraining order, and that there are factual issues that merit further investigation and consideration, this Court granted a Temporary Restraining Order and such other relief at the Hearing as memorialized herein. Accordingly, it is hereby ordered and adjudged:

(1) A Temporary Restraining Order is hereby issued to Defendant PHH Mortgage Corporation and Defendant McCalla Raymer, LLC preventing such Defendants from conducting foreclosure activity for the property located at 1306 Wynnes Ridge Circle, Marietta, GA 30067;

1

ID# 2011-0073511-CV
Page 2

(2) That Defendants PHH Mortgage Corporation and Defendant McCalla Raymer, LLC are so enjoined for a period of thirty (30) days from the date of the Hearing, where the Temporary Restraining Order was issued by this Court;

(3) That, upon entry of this written Order, Plaintiff tender to the Clerk of Court the amount required to become current on her loan with Defendant PHH Mortgage Corporation pursuant to the terms of the permanent loan modification Plaintiff contends she agreed to with Defendant PHH Mortgage Corporation;

(4) That, on or before May 16, 2011, counsel for Plaintiff and Defendant McCalla Raymer, LLC provide Judge Bodiford correspondence and research pertaining to the venue and *quia timet* questions raised by Defendants PHH Mortgage Corporation and McCalla Raymer, LLC at the Hearing;

(5) That this matter may be placed on the calendar again on or after May 23, 2011 for a hearing on Plaintiff's Motion for an Interlocutory Injunction and other motions that may be pending at such time; and

(6) That Defendant Bank of America Corporation and Defendant Prommis Solutions, LLC are dismissed from this matter, *with prejudice.*

IT IS SO ORDERED.

GIVEN UNDER MY HAND this _____3rd_____ day of May, 2011.

The Honorable G. Conley Ingram
Judge, Cobb County Superior Court

G. CONLEY INGRAM
SUPERIOR COURTS OF GEORGIA
PRESIDING IN COBB JUDICIAL CIRCUIT

*Order presented by*:
Brian M. Annino, Esq.
Georgia Bar No. 841250
Annino & Ligon, LLC
707 Whitlock Ave, Suite H-13
Marietta, GA 30064
Tel. (404) 934-5978
Fax (404) 631-6289
Attorney for the Plaintiff

2

<u>*Order approved as to form by:*</u>

Steven J. Flynn, Esq.
McCalla Raymer, LLC
Six Concourse Parkway
Suite 3200
Atlanta, GA 30328
Ph: (678) 281-6440
Fax:  (866) 870-1445
Attorney for Defendant PHH Mortgage Corporation and Defendant McCalla Raymer, LLC


Andrew G. Phillips, Esq.
McGuireWoods, LLP
The Proscenium
1170 Peachtree Street N.E.
Suite 2100
Atlanta, GA  30309
Tel. (404) 443-5724
Fax (404) 443-5773
Attorney for Defendant Bank of America, Corporation


Adamson B. Starr, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
Atlanta, GA  30326
Tel. (404) 364-7434
Fax (404) 365-9532
Attorney for Defendant Prommis Solutions, LLC

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

DANA L. CASELLI                      )
                                     )
    Plaintiff,                   )
                                     )    CIVIL ACTION NO. 11-1-3631-33
v.                                   )
                                     )
PHH MORTGAGE CORPORATION,            )
d/b/a COLDWELL BANKER                )
MORTGAGE, a/k/a PHH MORTGAGE         )
SERVICES, BANK OF AMERICA            )
CORPORATION d/b/a BANK OF            )
AMERICA, N.A., PROMMIS               )
SOLUTIONS, LLC, and                  )
McCALLA RAYMER, LLC                  )
                                     )
    Defendants.                  )

## CERTIFICATE OF SERVICE

    This is to certify that I have served the following parties in the foregoing matter with a copy of the foregoing **Order** by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon to:

Steven J. Flynn, Esq.
McCalla Raymer, LLC
Six Concourse Parkway
Suite 3200
Atlanta, GA 30328
Attorney for Defendant PHH Mortgage Corporation and Defendant McCalla Raymer, LLC

Andrew G. Phillips, Esq.
McGuireWoods, LLP
The Proscenium
1170 Peachtree Street N.E.
Suite 2100
Atlanta, GA  30309
Attorney for Defendant Bank of America, Corporation

Adamson B. Starr, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
Atlanta, GA  30326
Attorney for Defendant Prommis Solutions, LLC

This is the 5th  day of May, 2011.

Brian M. Annino, Esq.
Georgia Bar No. 841250
Annino & Ligon, LLC
707 Whitlock Avenue, Suite H13
Marietta, GA 30064
Tel. (404) 934-5978
Fax (404) 631-6289

| | |
|---|---|
| **From:** | Steven J. Flynn |
| **To:** | Brian Annino |
| **Subject:** | RE: Caselli v. PHH Mortgage Services, et al, C/A 11-1-3631-33 |
| **Date:** | Thursday, June 16, 2011 10:41:01 AM |

Brian,

My client has informed me that steps have been taken to ensure that this should no longer be an issue.

Steve

Steven J. Flynn

Associate - Litigation and Trial Practice


McCalla Raymer, LLC

Six Concourse Parkway, Suite 2800

Atlanta, Georgia 30328

678.281.6440 - Direct

678.281.6500 - Main

404.395.9561 - Cell

866.870.1445 - Toll Free Fax

sjf@mccallaraymer.com

---

**From:** Brian Annino [mailto:brian@anninoligon.com]
**Sent:** Thursday, June 16, 2011 10:17 AM
**To:** Steven J. Flynn
**Subject:** RE: Caselli v. PHH Mortgage Services, et al, C/A 11-1-3631-33

Thank you.

_____
Brian M. Annino, Esq.
Annino & Ligon, LLC
707 Whitlock Avenue
Suite H-13
Marietta, GA  30064
Tel.   (404) 934-5978
EFax  (404) 631-6289
brian@anninoligon.com
www.anninoligon.com

The information and attachments contained in this email are privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any further use, disclosure, dissemination, distribution, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify the sender and permanently delete this email and all attachments.  Thank you for your cooperation.

TREASURY DEPARTMENT CIRCULAR 230 NOTICE:  To ensure compliance with requirements

imposed by the Treasury Department, Annino & Ligon, LLC informs you that any advice concerning one or more U.S. federal tax issues contained in this email and attachments is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Steven J. Flynn [mailto:sjf@mccallaraymer.com]
**Sent:** Thursday, June 16, 2011 10:16 AM
**To:** Brian Annino
**Subject:** RE: Caselli v. PHH Mortgage Services, et al, C/A 11-1-3631-33

Brian,

Message received.  I will make sure that my client is made aware of this and will recommend an appropriate course of action.

Regards,

Steve

Steven J. Flynn
Associate - Litigation and Trial Practice


McCalla Raymer, LLC
Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
678.281.6440 - Direct
678.281.6500 - Main
404.395.9561 - Cell
866.870.1445 - Toll Free Fax
sjf@mccallaraymer.com

**From:** Brian Annino [mailto:brian@anninoligon.com]
**Sent:** Thursday, June 16, 2011 10:15 AM
**To:** Steven J. Flynn
**Subject:** RE: Caselli v. PHH Mortgage Services, et al, C/A 11-1-3631-33

Steve – My client has advised me that PHH is reporting her loan as being seriously delinquent, despite the loan modification agreement between the parties.  In our efforts towards resolving this matter, we will need to address this issue as my client is being harmed as a result of this reporting.

I look forward to our continued work towards finalizing a settlement in this matter.  Please contact me with any questions.

Thanks,
Brian ANnino

_____

Brian M. Annino, Esq.
Annino & Ligon, LLC
707 Whitlock Avenue
Suite H-13
Marietta, GA  30064
Tel.   (404) 934-5978
EFax  (404) 631-6289
brian@anninoligon.com
www.anninoligon.com

The information and attachments contained in this email are privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any further use, disclosure, dissemination, distribution, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify the sender and permanently delete this email and all attachments.  Thank you for your cooperation.

TREASURY DEPARTMENT CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Treasury Department, Annino & Ligon, LLC informs you that any advice concerning one or more U.S. federal tax issues contained in this email and attachments is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Steven J. Flynn [mailto:sjf@mccallaraymer.com]
**Sent:** Thursday, May 26, 2011 1:38 PM
**To:** Brian Annino; 'Neil Ligon'
**Cc:** 'tonya Anninoligon.com'
**Subject:** RE: Caselli v. PHH Mortgage Services, et al, C/A 11-1-3631-33

Brian,

How about Thursday morning at 10:00 a.m.?

Steve

Steven J. Flynn
Associate - Litigation and Trial Practice


McCalla Raymer, LLC
Six Concourse Parkway, Suite 2800
Atlanta, Georgia 30328
678.281.6440 - Direct
678.281.6500 - Main
404.395.9561 - Cell
866.870.1445 - Toll Free Fax
sjf@mccallaraymer.com

**From:** Brian Annino [mailto:brian@anninoligon.com]
**Sent:** Thursday, May 26, 2011 1:28 PM